## H. T. CHASE & SON *vs.* HENRY G. DUBY.

### PROVIDENCE—APRIL 9, 1898.

PRESENT: Stiness, Tillinghast and Rogers, JJ.

A., in addition to his regular employment, held an appointment at a salary as "call man" in the fire department of a city, and had made successive annual assignments of this salary in consideration of a preceding indebtedness to the assignee, who had continued to draw the salary under the assignments and to apply the payments on account of the indebtedness. An attachment of this salary was attempted at a time when the balance due on the indebtedness was larger than the unpaid amount of the salary:—

*Held,* that the assignment was good, and that the garnishee should be discharged.

ASSUMPSIT. Heard on exceptions to the rulings of a District Court charging a garnishee upon the following statement of facts:—

Defendant was employed as a salesman in a clothing store, and also held the appointment of "call man" in the fire department of a city. Plaintiff attached the salary of defendant in the possession of the city, and the latter's answer disclosed an assignment of the salary. The assignee entered appearance in the suits and asked for the discharge of the garnishee. The assignee testified that he was a grocer; that at the time of the assignment defendant was indebted to him in a sum the whole of which had not been paid at the date of the attachment, and that the balance due him was in excess of the sum attached. The evidence also showed that defendant, since 1891, had made successive annual assignments of his future earnings as "call man" to the same assignee.

PER CURIAM. The evidence in this case does not show, or even tend to show, that the assignment of wages in question was fraudulent and void; but, on the contrary, it shows that it was a legal and valid transaction. It was made for a valid consideration; it covered the defendant's salary as a "call man" in the Pawtucket fire department for the period of one year from its date; and it was duly recorded. Moreover, it

appears that ever since the making of said assignment the assignee has drawn the defendant's salary and applied it to the payment of defendant's indebtedness to him, and that at the time of the attachment the amount in the hands of the garnishee was insufficient to pay the balance then due from the defendant to the assignee. That an assignment like the one in question is good, see *Tiernay* v. *McGarity*, 14 R. I. 231; *Emory* v. *Lawrence*, 8 Cush. 151; *Brackett* v. *Blake*, 7 Met. 335.

The fact that former assignments of a similar character had been given to the same person by the defendant had nothing to do with the case, so far as appears from the evidence before us.

Exceptions sustained, and case remitted to the District Court of the Tenth Judicial District with direction to discharge the garnishee.

*Hugh J. Carroll*, for plaintiff.
*James L. Jenks*, for assignee.